UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MAIRI LAMSON, an individual,

    Plaintiff,

vs.                                      CASE NO.:

SOUTHEASTERN GUIDE DOGS, INC., a
Florida not for profit corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Mairi Lamson ("Plaintiff"), by and through undersigned counsel, sues Defendant, Southeastern Guide Dogs, Inc. ("Defendant"), and alleges as follows:

## INTRODUCTION

1. This is an action brought pursuant to the Fair Labor Standard Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA") to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs owed to Plaintiff.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the events or omissions giving rise to the claims alleged herein occurred in Manatee County, Florida and within the jurisdiction of the Middle District of Florida, Tampa Division.

## PARTIES

4. Plaintiff was and is a resident and citizen of Sarasota County, Florida. At all times pertinent, Plaintiff worked for Defendant in Manatee County, Florida as a training coordinator.

5. Defendant was and is a Florida not for profit corporation conducting business in the Middle District of Florida, Tampa Division, and subject to the requirements of the FLSA.

6. At all times material, Plaintiff was an employee of Defendant pursuant to 29 U.S.C. § 203(e)(1); Defendant was the employer of Plaintiff within the meaning of 29 U.S.C. §§ 203(a) and (d); and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## FLSA COVERAGE

7. At all times material, Defendant was an enterprise covered by the FLSA, as defined by 29 U.S.C. § 203(r) and 203(s).

8. At all times material, Defendant was an employer as defined by 29 U.S.C. § 203(d).

9. Defendant was and is a Florida not for profit corporation with a principal place of business and conducting business in Manatee County, Florida, and subject to the requirements of the FLSA.

10. Defendant is an enterprise engaged in interstate commerce, or in the production of goods for interstate commerce, with an annual gross volume of revenue not less than Five Hundred Thousand Dollars ($500,000.00).

11. Defendant is in the business of training guide and service dogs for individuals who are blind and/or veterans. Defendant has an annual operating budget over $10,000,000. Defendant has approximately 130 employees. Defendant conducts business interstate and nationwide (including without limitation, raising puppies, training puppies, adoptions (dogs), veterinarian services, providing training and programs, and engaging with students).

## GENERAL ALLEGATIONS

12. Defendant employed Plaintiff in Manatee County, Florida, most recently as a training coordinator, for approximately three (3) years, through on or about, October 22, 2018. During this time, Plaintiff's primary job duties included without limitation, all aspects of on-campus dog training, overseeing public adoptions, and overseeing the weekend getaway program.

13. Defendant compensated Plaintiff on an hourly basis of $12.00 per hour as of July 2018, and prior to that, Defendant compensated Plaintiff on an hourly basis of $11.18 per hour.

14. Plaintiff regularly worked approximately fifty (50) hours per week (or more) while employed by Defendant.

15. Defendant failed to compensate Plaintiff for any hours which Plaintiff worked over forty (40) hours in a workweek (i.e., Plaintiff was only compensated for her first 40 hours worked each week).

16. Defendant required Plaintiff to work off the clock for any hours worked over forty (40) in a workweek.

17. Defendant knew that it was a violation of the FLSA not to compensate Plaintiff at rate of not less than one and one-half her regular rate for all hours worked in a work week over forty (40) hours.

18. Defendant willfully violated the FLSA and failed to provide Plaintiff overtime compensation.

19. Defendant failed to keep proper time records for Plaintiff.

20. To the extent any time records exist, concerning the number of hours worked and amounts to be paid to Plaintiff, the records are in the possession and custody of Defendant.

21. Plaintiff has been required to retain counsel to prosecute the claims herein, and is obligated to pay counsel reasonable attorneys' fees and costs.

22. All conditions precedent to this action have been satisfied.

### COUNT I
### (Overtime Compensation Due Under the FLSA)

23. Plaintiff re-alleges paragraphs 1 through 22 as if set forth fully herein.

24. Plaintiff worked more than forty (40) hours in a week for one or more weeks during her employment with Defendant. Specifically, Plaintiff regularly worked at least fifty (50) hours per week throughout her employment with Defendant.

25. Defendant failed to compensate Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times her regular rate for hours worked over forty (40) in a workweek for one or more weeks during her employment with Defendant.

26. Defendant's failure to provide Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times her regular rate for hours worked over forty (40) in a workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

27. Defendant's violations of the FLSA were knowing and willful.

28. Defendant owes Plaintiff unpaid overtime compensation.

WHEREFORE, Plaintiff respectfully requests that this Court:

a. accept jurisdiction over this action;

b. award damages for the amount of unpaid overtime compensation owed to Plaintiff;

c. award liquidated damages, pursuant to 29 U.S.C. § 215(b), in an amount equal to the overtime compensation owed to Plaintiff, or in the alternative pre-judgment and post-judgment interest at the highest rate allowed by law;

d. award Plaintiff recovery of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

e. entry of final judgment against Defendant;

f. declare that Plaintiff was a non-exempt employee of Defendant; and

g. award all other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff does hereby demand a Jury Trial on all issues and claims so triable.

/s/ Bradley P. Rothman

Bradley P. Rothman, Esq.
Florida Bar No. 0677345
brothman@weldonrothman.com
WELDON & ROTHMAN, PL
2548 Northbrooke Plaza Drive
Naples, Florida 34119
Tel: (239) 262-2141
Fax: (239) 262-2342
*Counsel for Plaintiff*